Texas and Pacific Railway Company et al. v. Scott and Robertson.

Decided December 16, 1905.

**Connecting Carriers—Transfer of Shipments.**

In the absence of any law or regulation prescribing the manner in which freight is to be transferred between connecting carriers, this should be left to the carriers themselves, provided no unreasonable method of transfer be adopted.

Appeal from the County Court of Mitchell County. Tried below before Hon. W. B. Crockett.

*Ed. W. Smith,* for appellant T. & P. Ry. Co.

*Whitaker & Gibbs,* for appellant, M. K. & T. Ry. Co. and M. K. & T. Ry. Co. of Texas.

No briefs for appellee.

STEPHENS, Associate Justice.—This appeal presents the question whether in a shipment of cattle from Stanton, Texas, to the National Stock Yards, Illinois, over the line of the Texas and Pacific Railway Company to Fort Worth, and thence over the lines of the Missouri, Kansas and Texas Railway Company of Texas and the Missouri, Kansas & Texas Railway Company, the shipper has the right to require that the cattle be transferred from the line of the Texas and Pacific Railway to that of the M. K. & T. Ry. of Texas through the stock pens of the former road at Fort Worth, Texas, where no facilities are provided and maintained for making such transfers instead of at the Union Stock Yards near Fort Worth, where facilities have been provided and arrangements have been made between the two companies for such transfers. The shippers in this instance insisted upon that right when the cattle were delivered to the initial carrier, but the local agent

of that carrier informed them that he had no authority to make any such arrangement, and the one making the demand for the firm admitted on the trial that he knew the agent did not have any such authority. In submitting the issues to the jury, the court in a special instruction given at the request of the M. K. & T. Ry. Co. of Texas charged them that, if the shippers had instructed the T. & P. Ry. Co. to deliver the cattle to the M. K. & T. Ry. Co. of Texas at Fort Worth in the pens of the former, and that if injury resulted to the cattle by the failure of the T. & P. Company to unload the cattle in its pens, they would hold the T. & P. Company responsible for the same. Unless, therefore, the shippers had the right to insist upon the transfer of the cattle being made in this manner, the giving of this charge requires the judgment to be reversed. This question was before us in the case of Texas & Pac. Ry. Co. v. Felker, 15 Texas Ct. Rep., 466, and was there decided against the contention of the appellees, and we see no reason to change the view then taken of the question, which seems also to be in accord with the opinion of the Supreme Court on a similar question in the case of Houston & T. C. Ry. Co. v. Everett, 13 Texas Ct. Rep., 930. While the law requires connecting carriers to exchange freight, we know of no statute or commission regulation prescribing the manner in which the transfer is to be made, and in the absence of such law or regulation, we think this should be left to the connecting carriers themselves, with the qualification, of course, that no unreasonable method of transfer could be adopted by them.

For the error in giving this charge, the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*